UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICO LAMONT MITCHELL,

        Plaintiff,

v.

                                        Case No. 3:17-cv-751-J-34PDB

J.M. PERKINS,
et al.,

        Defendants.

**ORDER**

Plaintiff Rico Lamont Mitchell, an inmate of the Florida penal system, initiated this action on June 29, 2017, by filing a pro se Civil Rights Complaint. After filing a number of amended complaints, the Court permitted Mitchell to file a Fifth Amended Complaint. See Order (Doc. 49). In the Fifth Amended Complaint (Doc. 50), Mitchell asserts claims pursuant to 42 U.S.C. § 1983 against Defendants J.M. Perkins, Sergeant Clark, Lieutenant Smith, and Detective Eileen Simpson. He asserts that Defendants either tampered with his incoming and outgoing mail or failed to stop the violations. As relief, Mitchell requests compensatory and punitive damages as well as declaratory relief. The Court denied Defendants' Motion to Dismiss on October 16, 2019. See Order (Doc. 55). On November 12, 2019, Defendants appealed the Court's denial of Defendants' Motion as to their assertion of qualified immunity. See Notice of Appeal of Non-Final Order Denying Qualified Immunity (Doc. 56).

Before the Court is Plaintiff's Motion to Compel (Motion; Doc. 63) and Plaintiff's Reply to Defendants' Objection to Plaintiff's Discovery Requests (Reply; Doc. 62). In the

Motion and Reply, Plaintiff requests that the Court permit him to continue to seek discovery and direct Defendants to respond to his discovery requests. See Motion at 1; Reply at 5. Defendants filed an opposition. See Response in Opposition to Plaintiff's Motion to Compel (Response; Doc. 64). In the Response, they request that the Court deny Plaintiff's Motion. They assert that they have objected to Plaintiff's discovery requests since they have appealed to the United States Court of Appeals for the Eleventh Circuit on qualified immunity grounds. See Response at 2. Nevertheless, Plaintiff "persists in seeking discovery even though an initial brief has been filed" in the appellate court. Id. at 2. Defendants contend that "[t]he only attempted claims in this case are against the individual Officers in their individual capacities for constitutional violations," and therefore, "the entire case is stayed pending appeal." Id. at 1.

A district court's order denying a defendant's assertion of qualified immunity is an immediately appealable order within the meaning of 28 U.S.C. § 1291. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) ("[W]e hold that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."). The Supreme Court has explained that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

Typically, courts stay discovery in 42 U.S.C. § 1983 actions during an interlocutory appeal based on qualified immunity. These stays are designed to protect public officials from "unnecessary and burdensome discovery or trial proceedings" while the appellate court decides the interlocutory appeal. Crawford-El v. Britton, 523 U.S. 574, 598 (1998). Qualified immunity provides "'an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question.'" Behrens v. Pelletier, 516 U.S. 299, 306 (1996) (quoting Mitchell, 472 U.S. at 526). However, "a complete stay of discovery pending an interlocutory appeal in qualified immunity cases is not automatic[.]" R.F.J. v. Fla. Dep't of Children and Families, No. 3:15-cv-1184-J-32JBT, 2017 WL 11004970, at *1 (M.D. Fla. Feb. 24, 2017). In some cases, "a more limited stay" may be appropriate, such as in a multi-party action where there are other defendants and/or claims that are unrelated to the issues presented in the interlocutory appeal. See id.

Here, Defendants accurately describe this case as one in which "the entire case" should be stayed pending the outcome of the interlocutory appeal, Response at 1, and this Court agrees. See Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir.1998) (stating "balancing is done with a thumb on the side of the scale weighing against discovery" when considering discovery requests in the face of a qualified immunity defense). Therefore, the Court will stay these proceedings pending the outcome of Defendants' interlocutory appeal of the Court's denial of Defendants' Motion to Dismiss

as to their assertion of qualified immunity. Additionally, the Court will direct the Clerk to administratively close the case.

Therefore, it is now

**ORDERED**:

1. Plaintiff's Motion to Compel (Doc. 63) and request to continue to seek discovery (Doc. 62) are **DENIED**.

2. This case is **STAYED** pending the outcome of Defendants' interlocutory appeal of the Court's denial of Defendants' Motion to Dismiss as to their assertion of qualified immunity. See United States Court of Appeals for the Eleventh Circuit, Case No. 19-14505.

3. The Clerk shall administratively close the case pending the Eleventh Circuit's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of February, 2020.

MARCIA MORALES HOWARD
United States District Judge

sc 2/12
c:
Rico Lamont Mitchell, FDOC #J01049
Counsel of Record

4